UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| U.S. BANK, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, *et al.*,<br><br>    Defendants. | 2:15-cv-01484-KJD-VCF<br><br>**ORDER DENYING MOTION TO CERTIFY A QUESTION OF LAW TO NEVADA'S SUPREME COURT (ECF No. 76)** |

Before the court is the Motion to Certify a Question of Law to Nevada's Supreme Court. (ECF No. 76).

Movant proposes certification of the following question:  Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice. Movant argues that an answer to this question will be determinative of part of this case and will settle important questions of law.

As movant notes in its points and authorities, the Ninth Circuit construed NRS § 116.31168(1)'s incorporation of NRS § 107.090 as not requiring associations "to provide notice of default to mortgage lenders even absent a request . . . ." *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159 (9th Cir. 2016).  Movant argues that the Ninth Circuit incorrectly "acted as though there is not controlling Nevada precedent on NRS § 116.31168(1)'s meaning." (ECF No. 76 at p. 3).

Movant cites no authority for this court to review the soundness of decisions rendered by the Ninth Circuit.  On this record, the certification requested would not be appropriate.  Given the volume of state court litigation activity concerning these super-priority lien disputes, it is hard to see how certification of this question is necessary.

IT IS HEREBY ORDERED that Defendant SFR Investments Pool 1, LLC's Motion to Certify a

Question of Law to Nevada's Supreme Court. (ECF No. 76) is DENIED.

DATED this 5th day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE