# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

U.S. BANK, NATIONAL ASSOCIATION,

Plaintiff,

v.

SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, *et. al.*,

Defendants.

Case No. 2:15-cv-1484-KJD-GWF

**ORDER**

Presently before the Court is Plaintiff's Motion to Lift Stay (#83). Defendants filed a response in opposition (#85) to which Plaintiff replied (#90). Also before the Court is Defendants' Countermotion to Strike (#88). Plaintiff filed a response in opposition (#92) to which Defendants replied (#96). Defendants also filed a Motion for Clarification of the Briefing Schedule (#89).

Having read and considered the motions and good cause lacking, Plaintiff's motion to lift the stay is denied. Good cause exists to maintain the stay, despite the resolution of Bourne Valley, pending resolution of the question certified to the Nevada Supreme Court. On April 21, 2017, the District of Nevada certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners[']

associations to provide notices of default to banks even when a bank does not request notice?" <u>Bank of New York Mellon v. Star Hill Homeowners Assoc.</u>, 2017 WL 1439671, at *5 (D. Nev. April 21, 2017). In granting certification, the Court reasoned the following: In Bourne Valley, the Ninth Circuit definitively stated the statute's "opt-in" framework is unconstitutional. <u>Bourne Valley Court Trust v. Wells Fargo Bank, NA</u>, 832 F.3d 1154, 1160 (9th Cir. 2016). However, that leaves this Court with the unresolved question of what notice must be provided. The Ninth Circuit has stated "[i]t is solely within the province of the state courts to authoritatively construe state legislation." <u>Cal. Teachers Ass'n v. State Bd. of Educ.</u>, 271 F.3d 1141, 1146 (9th Cir. 2001). As such, state law questions of first impression like this one should be resolved by the state's highest court. <u>See</u> <u>Huddleston v. Dwyer</u>, 322 U.S. 232, 237 (1944).

Since the stay will not be lifted, the Motion for Summary Judgment (#84) is denied as premature. Again, the parties may move to lift the stay at any time. After granting a motion to lift the stay, the parties have thirty (30) days to file motions for summary judgment.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Lift Stay (#83) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (#84) is **DENIED as premature**;

IT IS FURTHER ORDERED that Defendants' Countermotion to Strike (#88) is **GRANTED in part and DENIED in part**;

///

///

///

///

IT IS FURTHER ORDERED that Defendants' Motion for Clarification of the Briefing Schedule (#89) is **GRANTED**.

Dated this 28th day of March, 2018.

Kent J. Dawson
United States District Judge