# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, N.A., | Case No. 2:15-cv-01484-KJD-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, *et al.*, | |
| Defendants. | |

Before the Court are three motions for summary judgment. The first is a joint motion filed by Cross Defendants Bank of America and Nationstar Mortgage, LLC and Plaintiff/Counter Defendant U.S. Bank N.A. (#109).[1] Defendants Southern Highlands Community Association (HOA) and SFR Investments Pool 1, LLC have responded (##117, 118), and the banks replied (#119).

Next is a motion for summary judgment filed by Defendant Southern Highlands Community Association ("HOA"). (#110). The banks responded (#115), and the HOA replied (#120).

Last is a motion for summary judgment filed by Defendant SFR Investments Pool 1, LLC. (#111). The banks responded (#116), and SFR replied (#121).

This is a quiet title action arising out of the non-judicial foreclosure of 10702 La Crescenta Ct. in Las Vegas, Nevada. U.S. Bank seeks a declaration that the HOA foreclosure did not extinguish its deed of trust under two theories. First, it claims that the HOA's foreclosure under NRS § 116 is invalid because the statute is unconstitutional. The crux of this argument is that § 107.090's notice requirements—as incorporated—do not adequately warn subordinate

---

[1] For clarity, the Court refers to these parties collectively as "U.S Bank."

lienholders that the HOA foreclosure threatened to extinguish their deeds of trust. Alternatively, the bank argues that the Court should set aside the HOA sale because it was fraudulent or unfair and because the sale price was grossly inadequate. SFR and the HOA moved separately for summary judgment. Like U.S. Bank, SFR seeks to quiet title in the property and requests a declaration that it purchased the property free and clear of the bank's deed of trust. The HOA seeks summary judgment on U.S. Bank's wrongful foreclosure and breach of NRS § 116 claims. The HOA argues that it complied with the provisions of § 116 and did not wrongfully foreclose on the property. Both SFR and the HOA argue that § 116 is constitutional and that the HOA sale was not commercially unreasonable. The Court agrees and therefore grants Southern Highlands Community Association's and SFR Investments Pool's respective motions. (##110, 111). Consequently, the Court denies U.S. Bank's motion for summary judgment (#109).

**I.      Background**

In March of 2007, non-party Jacqueline Hagerman purchased a home at 10702 Crescenta Ct. in Las Vegas, Nevada. Countrywide Home Loans financed the original sale for $444,000 and secured a deed of trust against the property. (#109, Exh. 1). That deed of trust listed Hagerman as the borrower, Countrywide as the lender, Recontrust Company as trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary under the security instrument. Id. Over the life of the loan the deed of trust went through multiple assignments. Ultimately, it was assigned to U.S. Bank in April of 2013. (#109, Exh. 3). Shortly thereafter, Hagerman defaulted on her HOA assessments and mortgage obligations. (#1, at 4). At that time, the unpaid principal balance on the loan totaled $400,720.52. Id.

Hagerman's default prompted U.S. Bank and the HOA to initiate their individual collections processes to recover the delinquencies. The HOA acted first. On July 22, 2010, it recorded a Notice of Delinquent Assessment lien on the property through its appointed trustee Alessi and Koenig. (#109, Exh. 4). That notice identified the HOA's outstanding balance at $892.86, which included fees and late charges. Id. Nearly four months later, Alessi recorded a Notice of Default and Election to Sell to satisfy the delinquent lien amount. (#109, Exh. 5). In that notice, the HOA claimed a delinquency of $1,879.77 and warned that failure to pay that

balance could result in the homeowner losing her home. Id. Then in August of 2012, Alessi recorded a Notice of Trustee's Sale, which was scheduled for September 5, 2012. None of Alessi's recorded notices specified the superpriority lien balance or alerted the bank of the delinquent balance necessary to preserve its lien. There is no evidence that U.S. Bank attempted to tender payment of the outstanding balance or otherwise satisfy the lien. SFR purchased the property for $8,200 at a public auction on September 5, 2012. (#109, Exh. 7).

U.S. Bank then brought this action. At bottom, the bank seeks to quiet title in the property. (#1, at 6). To do so, the bank seeks a declaration that NRS § 116 violated its procedural due process rights, which invalidates the HOA's foreclosure. It also brought a wrongful foreclosure claim and breach of NRS § 116 claim against the HOA. In response, SFR asserted its own quiet-title claim against U.S. Bank, Nationstar, and former-owner Jacqueline Hagerman.[2] (#13). In addition, SFR sought to enjoin U.S. Bank from asserting an interest in the property and claimed slander of title against the bank. Id. at 16–17.[3] The Court then stayed the case following the Ninth Circuit's decision in Bourne Valley Court Trust v. Wells Fargo Bank, N.A., 832 F.3d 1154 (9th Cir. 2016). (#75). The Court lifted the stay in October of 2018 and set the dispositive-motion deadline. (#79). Discovery has since closed, and the parties have filed their respective motions for summary judgment to which the Court now turns.

**II.    Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture, 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

---

[2] Hagerman was voluntarily dismissed by stipulation of the parties. (#28).

[3] SFR has voluntarily dismissed its slander of title claim. (#111, at 3 n.2).

574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

### III. Analysis

U.S. Bank seeks for summary judgment on its quiet title claim arguing that (1) the HOA foreclosed under an unconstitutional statute thereby preserving the bank's interest in the property and (2) that even if NRS § 116 is constitutional, the inherent unfairness of the sale coupled with the property's sale price justify setting aside the HOA sale.

SFR also seeks summary judgment on its own quiet-title claim and argues that U.S. Bank lacks standing because it has not provided evidence of the assignments of the deed of trust sufficient to prove the bank's chain of title. It continues that even if the bank has standing, NRS § 116 is both facially constitutional and constitutional as applied to U.S. Bank. SFR contends that the bank received adequate notice to apprise it of the risk to the bank's property interest and to allow the bank to contest the sale. Finally, SFR argues that U.S. Bank has not demonstrated the necessary fraud, oppression, or unfairness that would justify equitably setting aside the sale.

The HOA seeks summary judgment on U.S. Bank's wrongful foreclosure and breach of NRS § 116 claims. Like SFR, the HOA argues that § 116 is constitutional and that the bank lacks standing to challenge the statute because it received actual notice of the HOA-foreclosure sale. It further argues that the foreclosure notices provided adequate notice to the bank that its interest was at risk of extinguishment. Relatedly, the HOA argues that the mortgage protection clause in its CC&Rs did not prevent it from foreclosing on its entire lien balance. It continues that, despite the protections in the CC&Rs, it was not a breach of § 116 to foreclose on its lien.

### A. U.S. Bank's Motion for Summary Judgment

The Court turns first to U.S. Bank motion because it presents two threshold questions necessary to quite title. Namely, is NRS § 116 facially constitutional and was it constitutionally

applied to U.S. Bank? And second, was this HOA sale so tainted by unfairness, fraud, or oppression that the Court must act in equity to set it aside?

### 1. NRS § 116 is Facially Constitutional and was Applied Constitutionally Here Because U.S. Bank Received Adequate Notice of the HOA-Foreclosure Sale

First, the Court must determine whether and to what extent the Ninth Circuit's determination in Bourne Valley Court Trust v. Wells Fargo Bank, N.A. binds its decision in this case. 832 F.3d 1154 (2016). The parties' dispute arises out of the disagreement between the Ninth Circuit and Nevada Supreme Court regarding the facial constitutionality of the so-called "opt-in" notice provision of NRS § 116.3116(2). See id. at 1158. The Nevada Supreme Court has since considered—and rejected—the Ninth Circuit's reasoning in Bourne Valley. SFR Inv. Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018) ("SFR 2").

#### a. Given the Nevada Supreme Court's Contrary Decision, Bourne Valley's Determination that NRS § 116 is Facially Unconstitutional No Longer Binds This Court

The Ninth Circuit's holding in Bourne Valley hinges on two important points: state action and an impermissible "opt-in" notice scheme. Bourne Valley, 832 F.3d at 1158, 1160. Related to state action, the Court found that NRS § 116's superpriority-lien scheme so degraded a lender's property interest that the passing of the statute itself constituted state action. Id. at 1160. In other words, there was state action because but for the enactment of the statute, a bank would have a fully secured interest in a property. Id.

As for notice, the Court determined that that NRS § 116.3116(2) created an unconstitutional "opt-in" scheme that provided notice only to those parties who asked for it—parties that may not have known that their deed of trust was at risk. Id. at 1158. Reaching this conclusion, the Court rejected the argument that NRS § 116 incorporated NRS § 107.090, which required notice to other parties whose deeds of trust could be extinguished by the HOA's superpriority lien. Id. at 1159 (citing NRS § 107.090(3)(b)) (requiring notice by registered or certified mail to every entity "with an interest or claimed interest . . . subordinate to the deed of trust"). Incorporation would cure the "opt-in" notice deficiency but would also "render the express notice provisions of [NRS §] 116 entirely superfluous. Id. Having found state action and an impermissible "opt-in" notice scheme, the Court declared § 116 facially unconstitutional.

- 5 -

The Nevada Supreme Court disagreed. After Bourne Valley, another Court in this district certified a question to the Nevada Supreme Court seeking clarification whether incorporation of NRS § 107.090 required an HOA to provide notice of default or notices of sale to subordinate entities even when those entities did not request notice. SFR 2, 422 P.3d at 1250. The Nevada Supreme Court broke from the Ninth Circuit and determined that NRS § 116 indeed incorporated the notice provisions in NRS § 170.090. Id. at 1253. In fact, the Nevada Supreme Court considered the Ninth Circuit's position and expressly "decline[d] to follow the majority holding in Bourne Valley." Id. By incorporating § 107.090, the Nevada Supreme Court eliminated the "opt-in" notice scheme rendering the statute facially constitutional. Finding no constitutional deprivation, the Court did not reach the question of state action.

In light of SFR 2, Bourne Valley is no longer binding on this Court so far as it relates to the facial constitutionality of NRS § 116. A state's highest court has the final word on the interpretation of state law. Gurley v. Rhoden, 421 U.S. 200, 208 (1975). Thus, Bourne Valley's interpretation of NRS § 116 was only binding absent the Nevada Supreme Court's contrary finding. Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983); Miller v. Gammie, 335 F.3d 889, 892–93 (9th Cir. 2003) ("where the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, [the Court] should consider itself bound by the later controlling authority").

Bourne Valley's holding that NRS § 116 is facially unconstitutional is irreconcilable with the Nevada Supreme Court's holding in SFR 2. Therefore, inasmuch as U.S. Bank argues that Bourne Valley controls the facial constitutionality of § 116, the Court rejects that argument.

### b. The Notice Required Under NRS § 107.090 Is Constitutionally Adequate Because It Alerted U.S. Bank to the Foreclosure Action and Gave the Bank an Opportunity to Object

U.S. Bank next argues that, despite the incorporation of NRS § 107.090, NRS § 116 is still unconstitutional because the notice it required is constitutionally deficient. The argument is two-fold. First, U.S. Bank argues that Bourne Valley correctly determined that Nevada's implementation of NRS § 116 constitutes state action for purposes of its due process claim, a claim that the Nevada Supreme Court has not addressed. It contends that Bourne Valley's state-

1    action decision survived SFR 2 because whether legislative enactment constitutes state action is
2    a purely federal question. Second, the bank argues that § 116's notice requirements as
3    incorporated did not sufficiently warn lenders that their property interests were at stake. Because
4    the Court finds that U.S. Bank received constitutionally adequate notice, it need not determine
5    whether enactment of NRS § 116 constituted state action. Accordingly, the Court turns to
6    § 107.090's notice provision.

7    Section 107.090 requires the HOA—through its trustee or agent—to provide notice of
8    default (1) to each person who has requested it and (2) to each person with an interest
9    subordinate to the HOA's deed of trust. NRS § 170.090(3)(a)–(b). The statute ensures that a
10   lenders or other lien holder receives notice if they stand to lose their interest due to the HOA
11   foreclosure. Here, the HOA recorded at least two notices of default, and the bank does not
12   dispute that it received either notice. In October of 2010, HOA-trustee David Alessi recorded a
13   Notice of Default and Election to Sell. (#109, Exh. 5). In capital letters the notice warned that
14   failure to pay the delinquent balance could cause the homeowner to lose their home. Id. Next,
15   Alessi recorded a Notice of Trustee's Sale, which warned of an impending foreclosure sale
16   unless the parties satisfied the delinquent HOA assessments. (#109, Exh. 6).

17   The bank argues that those two recorded notices were insufficient to alert the bank that its
18   deed of trust was at risk for two reasons. First, the bank contends the notice was insufficient
19   because it did not reveal the existence of a superpriority lien that threatened to extinguish all
20   other liens. (#109, at 6). And second, the bank argues the notices were insufficient because they
21   did not adequately instruct the bank how to protect its deed of trust from being extinguished.

22   Due process requires notice that is "reasonably calculated" to alert interested parties to
23   the action against them and provide them an opportunity to object. Mullane v. Cent. Hanover
24   Bank & Tr. Co., 339 U.S. 306, 314 (1950). However, due process does not require actual notice
25   of an impending action. Jones v. Flowers, 547 U.S. 220, 226 (2006). Rather, the provided notice
26   must be "reasonably certain" to inform the other party of the pendency of the action. Nozzi v.
27   Housing Auth. of City of Los Angeles, 806 F.3d 1178, 1194 (9th Cir. 2015) (citing Mullane, 339
28   U.S. at 314).

1    Here, the HOA trustee provided notices that adequately informed U.S. Bank that the
2    HOA intended to foreclose on the La Crescenta property. In tandem, NRS § 116 also put the
3    bank on notice that the HOA's foreclosure could extinguish its interest in the property. The
4    notice's failure to explicitly inform a lender that its deed of trust is at risk does not render that
5    notice insufficient. It is now settled law in Nevada that a properly conducted non-judicial
6    foreclosure creates a superpriority lien in favor of the HOA, which can extinguish all other deeds
7    of trust. See SFR Invs. Pool 1, LLC v. U.S. Bank, 334 P.3d 408, 409 (Nev. 2014). While § 116's
8    effect on deeds of trust may have been less clear at the time of this foreclosure, the statute
9    nonetheless provided the potential for a lender's deed of trust to be extinguished by HOA
10   foreclosure. The HOA's notices need not articulate points of law that were available to each
11   lienholder in the Nevada Revised Statutes. Nationstar Mortg., LLC v. Amber Hills II
12   Homeowner's Assn., No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *7 (D. Nev. Mar.
13   31, 2016) ("The fact that a notice does not identify a superpriority amount is of no consequence
14   because [NRS § 116] give lienholders notice that the HOA may have a superpriority interest that
15   could extinguish their security interests").

16   Instead, the notices only needed to provide information that would reasonably warn other
17   lienholders of some action that could affect their property interests. These notices did just that.
18   Both the Notice of Default and Election to Sell and the Notice of Trustee Sale made clear that the
19   HOA was attempting to satisfy the delinquent assessment balance through a foreclosure sale.
20   Those notices, together with NRS § 116's creation of a superpriority lien, provided sufficient
21   notice to U.S. Bank that its deed of trust risked being extinguished and gave the bank enough
22   information to challenge the foreclosure.

23   U.S. Bank's next argument—that the HOA's failure to instruct the bank how to cure the
24   superpriority lien rendered the notice unconstitutional—is also unavailing because the HOA need
25   not provide the bank the tools to protect its interest. Due process does not require "an exhaustive
26   guidebook to preserving one's interest." Bank of New York Mellon v. Log Cabin Manor, ---
27   F.Supp.3d---, No. 2:15-cv-2026-MMD-CWH, 2019 WL 302489, at *4 (D. Nev. Jan. 23, 2019). It
28   requires notice of the "pendency of the action." Mullane, 339 U.S. at 314. Notices such as these,

that provide the date and time of the imminent foreclosure provided the bank with the information needed to appear and object. Accordingly, the Court finds that NRS § 116.3116's notice scheme was constitutionally adequate.

### 2. The Sale Should Not Be Equitably Set Aside Because There Is Not Unfairness, Fraud, or Oppression

Next, U.S. Bank argues that even if NRS § 116 is constitutional, the Court should nevertheless unwind or set aside the HOA foreclosure because it was tainted by fraud, unfairness, and oppression. The Court may equitably set aside a foreclosure where evidence of fraud, unfairness, or oppression accompanies a grossly inadequate sales price. Nationstar Mortg., LLC v. Saticoy Bay, LLC Series 2227 Shadow Canyon, 405 P.3d 641 (Nev. 2017) ("Shadow Canyon"); Golden v. Tomiyasu, 387 P.2d 989 (Nev. 1963). Shadow Canyon reinforced that a grossly inadequate sales price is not enough to set aside a foreclosure sale. 405 P.3d at 647. The threshold question thus becomes whether there is evidence of fraud, unfairness, or oppression in the HOA sale. If so, the Court then determines whether the sale price was grossly inadequate. If the Court answers both questions affirmatively, it may equitably unwind or reform the foreclosure sale. See id.

U.S. Bank argues that the mortgage protection clause in the HOA's CC&Rs and HOA-trustee David Alessi's testimony that the HOA superpriority lien did not attach until the bank foreclosed on its deed of trust evince an unfair or fraudulent sale. (#109, at 8–10). The mortgage-protection clause argument has two parts. First, the bank argues that the CC&Rs lulled the bank into a false sense of security by leading it to believe its deed of trust was safe against the HOA's superpriority lien. Id. at 9. Second, and relatedly, the bank contends that the mortgage protection clause chilled bidding and depressed the ultimate sales price because the public was under the impression that a winning bidder at the foreclosure auction would take the property subject to the U.S. Bank mortgage.

The mortgage protection clause in the CC&Rs does not rise to the level of direct misrepresentation necessary to demonstrate fraud or unfairness and does not justify unwinding this foreclosure. At bottom, the provisions in community CC&Rs cannot override state statutes. SFR Invs. Pool 1, LLC v. U.S. Bank, 334 P.3d 742, 757–58 (Nev. 2014) ("Nothing in NRS

116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien . . . [t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case"); Bank of America, N.A. v. Azure Manor/Rancho de Paz Homeowners Ass'n., No. 2:16-cv-0765-GMN-GWF, 2019 WL 636973, at *6 (D. Nev. Feb. 14, 2019) (mortgage protection clauses cannot supersede the provisions of NRS § 116).

However, the Nevada Supreme Court and this Court have recognized that a mortgage protection clause coupled with an HOA's direct misrepresentation of the safety of senior deeds of trust can render a foreclosure sale unfair. Shadow Canyon, 405 P.3d at 648 n.11 (citing Zyzzx2 v. Dizon, No. 2:13-cv-1307-JCM-PAL, 2016 WL 1181666, at *5 (D. Nev. Mar. 25, 2015) ("irregularities that may rise to the level of fraud include . . . an HOA's representation that the foreclosure sale will not extinguish the first deed of trust")). Zyzzx2 offers similar facts to this case. There, a Court in this district analyzed a non-judicial foreclosure that threatened a Wells Fargo first deed of trust. 2016 WL 1181666, at *1. Like here, Wells Fargo argued that the foreclosure sale was commercially unreasonable in part because the HOA's CC&Rs protected first deeds of trust from extinguishment. Id. at *5. There, however, the HOA also sent a letter to Wells Fargo and other interested parties confirming that the HOA foreclosure would not affect their deeds of trust. Id. Based on that affirmative misrepresentation, the Court concluded that the HOA's sale was unfair. Id. As a result, the Court granted summary judgment for Wells Fargo and set aside the HOA's foreclosure sale. Id.

Absent here is any direct confirmation from the HOA to U.S. Bank that the CC&Rs immunized the bank's deed of trust from extinguishment. Direct confirmation of the mortgage protection clause between the HOA and other lienholders is necessary to find unfairness because the mortgage protection on its own is not enough. Azure Manor, 2019 WL 636973, at *6. In fact, the Court that decided Zyzzx2 has since clarified that its holding hinged upon the HOA's representations in its letter to Wells Fargo. Bayview Loan Servicing, LLC v. SFR Invs. Pool 1, LLC, No. 2:14-cv-1875-JCM-GWF, 2017 WL 1100955, at *9 (D. Nev. Mar. 22, 2017) ("Indeed [Zyzzx2] was rendered *in light of the combination* of the mortgage protection clause and the HOA's misleading mailings") (emphasis added).

U.S. Bank's argument that HOA-trustee David Alessi misinformed the banks that their deeds of trust were safe is some evidence of misrepresentation. Alessi testified in an unrelated, non-binding arbitration proceeding in <u>BAC Home Loans Servicing, LP v. Stonefield II HOA</u> that the HOA lien's superpriority status was contingent upon the bank first foreclosing on its deed of trust. (#109, Exh 12). Admittedly, this errant representation—intentional or not—approaches the level of direct misrepresentation necessary to set aside the foreclosure. However, Alessi's testimony did not affect a U.S. Bank interest as the bank was not a party to that action. Also, Alessi was not affirming the protections offered by a mortgage protection clause contained these CC&Rs. Therefore, Alessi's testimony does not rise to the level of unfairness found in <u>Zyzzx2</u>.

Likewise, U.S. Bank has not shown that the mortgage-protection clause in the HOA's CC&Rs chilled bidding and depressed the sales price. The bank argues that no rational buyer would pay fair market value for the property because the CC&Rs preserved the existing deed of trust. As a result, the HOA sale could not recover both the HOA's delinquent assessments and the amount necessary to cure the default on the bank's deed of trust. (#109, at 9). However, U.S. Bank has not provided evidence that the CC&Rs had any effect on the sales price whatsoever. Accordingly, the Court finds that the mortgage-protection clause did not render the HOA sale unfair.

Because the Court finds that NRS § 116 is constitutional and that the HOA sale was not fraudulent, unfair, or oppressive, the Court denies U.S Bank's motion for summary judgment.

**B. <u>SFR's Motion for Summary Judgment</u>**

SFR separately moved for summary judgment on its counterclaims for quiet title and injunctive relief. Because injunctive relief is a remedy and not an independent cause of action, the Court dismisses that claim. See <u>Kendall v. Visa U.S.A., Inc.</u>, 518 F.3d 1042, 1051 (9th Cir. 2008). As discussed, this HOA foreclosure sale complied with the requirements of NRS § 116 and the notice requirements of NRS § 107.090. The Court has determined that § 116 was constitutional and rejected U.S. Bank's argument that the foreclosure should be set aside. Accordingly, the HOA foreclosure sale extinguished U.S. Bank's deed of trust. Therefore, the Court grants SFR's motion for summary judgment and declares that SFR acquired the property

free and clear of U.S. Bank's deed of trust.

## C. The HOA's Motion for Summary Judgment

U.S. Bank brought two claims against the HOA: Breach of NRS § 116 and wrongful foreclosure. (#1, at 10, 11). The HOA moved for summary judgment on both claims. U.S. Bank first argues that the HOA breached its duty of good faith by foreclosing on the La Crescenta property despite the CC&R's mortgage protection clause. As stated, U.S. Bank attributes the low sales price at the foreclosure sale to the public's misunderstanding that the winning bidder would take the property subject to U.S. Bank's deed of trust. NRS § 116.1113 imposes an obligation of good faith on every contract governed by § 116. However, § 116.4117 limits the class of parties who may bring an action for violation of § 116.1113. Under § 116.4117 only associations and unit owners may bring a civil action for damages for failure to comply with § 116. Because U.S. Bank is not an association or unit owner, it lacks standing to bring that claim. See Bank of New York Mellon v. Log Cabin Manor, ---F.Supp.3d---, No. 2:15-cv-2026-MMD-CWH, 2019 WL 302489, at *6 (D. Nev. Jan. 23, 2019).

Finally, U.S. Bank argues that the HOA wrongfully foreclosed on the property. A wrongful-foreclosure claim challenges the authority bringing the foreclosure, not the foreclosure itself. McKnight Family, LLP v. Adept Mgmt., 310 P.3d 555, 559 (Nev. 2013). To prove a wrongful foreclosure claim, the bank must demonstrate (1) that the HOA foreclosed and (2) that there was no delinquency when the HOA foreclosed. Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623. In support, U.S. Bank renews its arguments that it did not receive proper notice of the foreclosure, that the HOA violated the mortgage protection clause, and that the HOA violated NRS 116.1113's requirement of good faith. (#1, at 11). Setting aside the fact that the Court already decided those arguments lacked merit, U.S. Bank presents no evidence that it was not in default when the HOA foreclosed. As a result, the HOA has shown there is no genuine issue of fact surrounding the bank's wrongful-foreclosure claim.

Therefore, the Court grants summary judgment in favor of the HOA on both of U.S. Bank's claims against it.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that SFR Investments Pool 1, LLC's Motion for Summary Judgment (#111) is **GRANTED**. The Court declares that the HOA sale extinguished the deed of trust.

IT IS FURTHER ORDERED that Southern Highlands Community Association's Motion for Summary Judgment (#110) is **GRANTED**;

IT IS FURTHER ORDERED that U.S. Bank's Motion for Summary Judgment (#109) is **DENIED**.

The Clerk of the Court shall **ENTER JUDGMENT** in favor of SFR Investments Pool 1, LLC and Southern Highlands Community Association.

Dated this 29th day of March, 2019.

_____
Kent J. Dawson
United States District Judge